ASAHEL D. TAFT

*vs.*            } Exceptions, &c., No. 2037.

CHARLES H. CANNON.

CONSTITUTIONALITY OF PUB. LAWS R. I. CAP. 1204, OF MAY 26, 1893 ; EVIDENCE OF TITLE ; HUSBAND'S ESTATE IN WIFE'S LAND BY MARITAL RIGHT.

### RESCRIPT.

*Filed March 19, 1896.*

PER CURIAM. The court is of opinion that the evidence of possession of the premises in question by Mrs. Cannon, grantor to the plaintiff, was sufficient to warrant the verdict.

She occupied a portion ; received some rents ; the defendant was out of the State, and although he also occupied a part and collected rents he may have been considered by the jury to have done so by permission of and as agent of his wife, who claimed to be the owner at the time of the sale.    The proof of a disseizin is not so clear as to show that the verdict is against the evidence.

The only exception pressed at the hearing was that the law allowing a married woman to convey her property without her husband joining in the deed, Pub. Laws, cap. 1204, is unconstitutional because it operates to take away the husband's estate by marital right.    This point is sufficiently disposed of by the fact that the land in question was not acquired until after December 2, 1872, when a husband's estate in his wife's realty by marital right was abolished.    *In re the Voting Laws*, 12 R. I. 586.

No ground is shown for a new trial upon newly discovered evidence.

Petition for new trial dismissed.

*Charles H. Page and Franklin P. Owen*, for plaintiff.
*Warren R. Perce and M. D. L. Mowry*, for defendant.